NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| WALEAK CHANDLER, | |
| Petitioner, | Civ. Action No. 15-153 (SRC) |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

CHESLER, District Judge:

This matter is before the Court upon Petitioner Waleak Chandler's ("Chandler") Motion for Relief from Order pursuant to Fed.R.Civ.P.60(d)(3) ("Mot. for Relief") (ECF No. 1.) The Government filed a memorandum of law in opposition to the motion ("Gov't Brief") (ECF No. 2), and argued that Chandler's motion is more properly construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Chandler filed a memorandum of law in support of his motion, arguing that the motion was properly filed under Rule 60(d)(3) based on an allegation of fraud on the Court. (ECF No. 6.)

I.   BACKGROUND

On July 27, 2007, a federal grand jury returned a four-count Indictment against Chandler: Count One conspiring to interfere with commerce by threat or violence (Hobbs Act Conspiracy); Count Two attempting to interfere with commerce by threat or violence (Hobbs Act Attempted Robbery); (3) Count Three using, carrying, and brandishing a firearm during and in relation to a crime of violence; and (4) Count Four using and carrying a second firearm during and in relation to a crime of violence. (United States v. Chandler, Criminal No. 07-631 (SRC) (D.N.J) (Indictment, ECF No. 12.) Chandler pled guilty to Count One of the Indictment on November 25, 2008. (Id.; Plea Agreement, ECF No. 65; Plea Allocution, ECF No. 114.)

In the Plea Agreement, Chandler waived his right to file any appeal or collateral attack, including a motion under 28 U.S.C. § 2255. (Id., Plea Agreement, Schedule A, ECF No. 65 at 7, ¶11.) On July 7, 2009, Chandler was sentenced to 169 months imprisonment and 3 years supervised release. (Id., Judgment, ECF No. 95.) Chandler filed a Notice of Appeal but never followed through with challenging his conviction or sentence on direct appeal. (Id., ECF Nos. 97, 98.)

Chandler filed the instant motion on December 19, 2014. He alleged this Court's judgment was procured by fraud on the court. (Mot. for Relief, ECF No. 1 at 2.) Chandler contends his

2

Indictment was not found by twelve grand jurors, in violation of Federal Rule of Criminal Procedure 6 and the Fifth Amendment. (ECF No. 1 at 4.) Chandler states "the records clearly demonstrate that there is absolutely no place in this Court['s] whole entire record [that] shows the GRAND JURY returned [my] INDICTMENT IN OPEN COURT." (Id. at 5.) Thus, he concludes the Court lacked subject matter jurisdiction over him, and he seeks dismissal of the Indictment. (Id. at 7.)

In support of his accusation of fraud by the U.S. Attorney's Office, Chandler claims "a former prosecutor confirmed that the U.S. Attorney's office has a "RUBBER STAMP" with the "SIGNATURE OF THE GRAND JURY FOREMAN IN ITS OFFICE, which is often used on INDICTMENTS . . . in lieu of actually reconvening a grand jury." (Id. at 8.) Therefore, he concludes his Indictment violated Federal Rule of Criminal Procedure 6 and the Fifth Amendment of the Constitution. (Id.) Finally, Chandler asserts:

> A review of this official court record will clearly prove that Chandler was correct. The record contains no "List of Indictments" returned in this case, including no name of the defendant, nor the charges. No name of each grand juror present and voting, the vote tally, and the Indictment itself, only the one signed by the foreperson and the prosecutor which the U.S. Attorney's Office used their "RUBBER STAMP" with the signature of the grand jury foreman in its office, which is often used on their indictments in lieu of actually reconvening a grand jury.

3

(ECF No. 1 at 11.)

Chandler seeks disclosure of "the concurrence forms signed by the twelve grand jurors who found the indictment." (Mot. for Relief, ECF No. 1 at 13.) He also seeks an evidentiary hearing, and ultimately his release upon vacation of his judgment. (Id. at 14.)

The Government opposed the motion, arguing the motion is more properly brought under 28 U.S.C. § 2255, and Chandler waived his right to bring a motion under § 2255 when he pled guilty. (Govt. Brief, ECF No. 2 at 3.) Furthermore, the Government asserts there is a presumption of regularity to the Indictment, and the Grand Jury voting sheet clearly shows the requisite number of Grand Jurors concurred in finding Chandler's Indictment, 07-631 (SRC), which was returned in open court before a magistrate judge. (Gov't Brief at 6, and Voting Sheet, Attachment A.)

II. DISCUSSION

    A. Nature of the Motion

Federal Rule of Civil Procedure 60(d)(3) provides:

> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
> . . .
>     (3) set aside a judgment for fraud on the court.

4

The Third Circuit Court of Appeals recently held "civil Rule 60 simply does not apply in criminal proceedings." U.S. v. Lebron, 598 F. App'x 817, 818 (3d Cir. 2015) (citing United States v. Washington, 549 F.3d 905, 912 & n.6 (3rd Cir. 2008). The appropriate vehicle for challenging a federal conviction is a motion under 28 U.S.C. § 2255. Id. at 818. Therefore, Chandler's motion will be construed as a motion under 28 U.S.C. § 2255.

B.   Waiver of Collateral Review

The Government asserts that, in his Plea Agreement, Chandler waived his right to bring a motion under § 2255. Waivers of collateral review rights are enforceable if they are entered into knowingly and voluntarily, and their enforcement does not work a miscarriage of justice. U.S. v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Where there is a waiver of collateral review rights, the district court must consider the validity of the waiver by "examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice. Id. at 238.

It is the defendant's burden to present an argument that his waiver was unknowing or involuntary. Id. at 237. Chandler has not done so here. A district court, however, has an affirmative duty "to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no

5

miscarriage of justice, based on the record before it." Id. at 237-38. The parties have not briefed the issue.

The written Plea Agreement contains a broad waiver of appeal and collateral review rights, specifically mentioning waiver of motions under 28 U.S.C. § 2255. (United States v. Chandler, Criminal Action No. 07-631 (SRC), Plea Agreement, ECF No. 65 at ¶11.) This Court carefully discussed the contents and meaning of the Plea Agreement with Chandler during the Plea Allocution, and asked Chandler if he understood and voluntarily entered into the agreement, and he agreed. (Plea Allocution, ECF No. 114 at 6-10.) This Court explained to Chandler the nature of the waiver of his appeal rights under the agreement:

> THE COURT: Okay. Now, normally a defendant who is convicted of a crime in federal court has the right to appeal the conviction or sentence or to make other types of post conviction attacks or challenges to the conviction or sentence if he thinks that the conviction or the sentence is illegal or otherwise improper. Looking at this plea agreement, I see that you've agreed under certain conditions to give up any right to appeal the conviction or sentence or to make any other type of post conviction attack or challenge to the conviction or sentence. And what I see as the condition is that you and the U.S. Attorney's Office have agreed that if I give you a sentence within the sentencing range for an offense level 29 or a sentence which is lower than the sentencing range of an offense level 29, you will not appeal the conviction or sentence or to make any other type of post conviction attack or challenge to the conviction or

>sentence. Now, is that in fact what you've agreed to?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Have you discussed it with Mr. Caruso?
>
>THE DEFENDANT: Yes.
>
>THE COURT: I assume Mr. Caruso has recommended that you agree to that. Has he?
>
>THE DEFENDANT: YES.
>
>. . .
>
>THE COURT: . . . Do you understand that if I sentence you in accordance with this agreement, if I give you a sentence which is within the sentencing range for an offense level 29 or a sentence which is lower than that called for at an offense level 29, you will never be able to appeal or attack this conviction or the sentence in any way, shape or form ever again?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you agree to that, sir?
>
>THE DEFENDANT: Yes.

(Id. at 11-13.)

Based on a review of the record of proceedings, the Court finds Chandler knowingly and voluntarily waived his right to bring a motion to vacate his sentence under 28 U.S.C. § 2255. Furthermore, in light of the completely unsupported allegations and untimely nature of Chandler's present motion, enforcing the waiver of his collateral review rights will not work a

miscarriage of justice. Thus, the Court will dismiss Chandler's motion.

## III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will enforce Chandler's waiver of his right to bring a motion under 28 U.S.C. § 2255, and dismiss Chandler's motion.

## IV. CERTIFICATE OF APPEALABILITY

This Court must determine whether Chandler is entitled to a certificate of appealability in this matter. Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The discussion of Chandler's claims above demonstrates that Chandler has not made such a showing, and this Court will not issue a certification of appealability.

DATED: 4/18/16

STANLEY R. CHESLER
United States District Judge